UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LA'SHANDA M. FARMER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18-CV-1262 SNLJ |
| | ) |
| UNITED STATES and F.B.I., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff seeks leave to proceed in forma pauperis in this civil action under Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §§ 2000e *et seq.*, for employment discrimination. The motion is granted. On initial review, however, the Court will dismiss plaintiff's case without prejudice under 28 U.S.C. § 1915(e).

**Standard of Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

**The Complaint**

Plaintiff alleges she has been an investigator for the FBI since 1985, but has never been paid. She states that she has worked at the downtown St. Louis, Missouri and the Springfield, Illinois offices for the Federal Bureau of Investigation ("FBI") and she had to care for her children during her working years. She states that she never received a paycheck from the FBI and they didn't care if she and her children had food, a place to live, transportation or day care. Plaintiff claims that the FBI made her and the children live off general assistance and food stamps and that they would not assist her even when she asked for help. Plaintiff asks that the Court find the FBI liable for their conduct, and she seeks back checks for her work with the FBI in an amount of $4 million.

**Discussion**

Plaintiff's complaint is largely duplicative of one she filed in the Southern District of Illinois on December 10, 2013. *See Farmer v. Dep't of Justice (FBI)*, No. 3:13-CV-1272 DRH-PMF (S.D. Ill. filed Dec. 10, 2013). This action is also duplicative of others previously filed in this Court. See, e.g., Farmer v. FBI, No. 4:18CV207 NCC (E.D.Mo.). Both cases have been dismissed as frivolous and without merit. This case, too, will be dismissed on initial review as frivolous and without merit.

Plaintiff believes she was hired in the 1980's and is still employed as an FBI investigator; however, she has never been paid. She states the FBI kept her working after she wanted to end

her employment and her "two oldest [children] got kidnapped." She claims "they knew of plots that people attempted and harmed me and my children."

None of these allegations, even if accepted as true, suffice to state a claim that plaintiff suffered unlawful discrimination as an employee of the FBI. Nor does the complaint state a plausible claim for violations of her constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

Additionally, the Court finds the allegations in plaintiff's complaint are factually frivolous under *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). An action is factually frivolous if the facts alleged are "clearly baseless." Allegations are clearly baseless if they are "fanciful," "delusional," or "fantastic." *Id.* The Court finds plaintiff's complaint is frivolous and without merit, and should be dismissed under 28 U.S.C. § 1915(e)(2)(b).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #3] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED AS MOOT**.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 14th day of August, 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE